IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD PATTERSON<br>P.O. Box 540420<br>Bronx, NY 10454<br><br>    Plaintiff,<br>v.<br><br>NORTH EASTERN OPERATIONS<br>GROUP LLC *d/b/a* NEO-GROUP<br>55 Twin Oaks Road<br>Bridgewater, NJ 08807<br><br>    Defendant. | **CIVIL ACTION**<br><br><br>**No.:**<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Edward Patterson (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by North Eastern Operations Group LLC *d/b/a* Neo-Group (*hereinafter* "Defendant") of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 *et. seq.*), the New Jersey Wage and Hour Law ("NJ WHL" – N.J.S.A. §§ 34:11-56a, *et seq.*), the New Jersey Conscientious Employee Protection Act ("CEPA" – N.J.S.A. 34:19-1 *et. seq.*), and other state common law claim(s). Plaintiff was not properly paid overtime wages mandated by state and federal law(s) and he was retaliated against for having complained of same. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has

supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Venue is further appropriate in this District as follows:

   a. Plaintiff was hired out of Defendant's Bridgewater, New Jersey location;

   b. Defendant's Bridgewater, New Jersey location is listed as Defendant's address on Plaintiff's 1099 form;

   c. During his employment with Defendant, Plaintiff picked up supplies and equipment from Defendant in New Jersey;

   d. During his employment with Defendant, Plaintiff spent a substantial period of time working in New Jersey.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant North Eastern Operations Group LLC *d/b/a* Neo-Group is a telecommunications service provider that handles planning and site acquisition to construction, technical services and power solutions for cellular sites, and has a location at the address set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff worked for Defendant for a little over one year.

12. Plaintiff was hired by Defendant in or about July of 2017, as a tower technician.

13. As a tower technician for Defendant, Plaintiff's responsibilities included cell tower construction, maintenance, and troubleshooting for customers located in New Jersey, Pennsylvania, and Delaware.

14. During his employment with Defendant, Plaintiff was primarily supervised by Manager, Jim Franklin (*hereinafter* "Franklin"), for construction projects, and Supervisor/Dispatcher, Monica Ortego (*hereinafter* "Ortego"), for maintenance projects.

### -Misclassification as "Independent Contractor"-

15. At the outset of Plaintiff's employment with Defendant, he was given a letter from Defendant which stated that he was a "1099 ***Employee***" (emphasis added) being paid a flat rate of $1250 per week. *See* Employment Letter, attached hereto as "Exhibit A."

16. At all relevant times during Plaintiff's employment with Defendant, however, Plaintiff was misclassified as an independent contractor, when in fact he was a non-exempt employee, as evidenced by the following:

  a. Defendant refers to Plaintiff as an "Employee" in his initial employment letter;

  b. Defendant solely acquired the customers that Plaintiff worked for and the projects that he completed;

  c. Defendant dictated Plaintiff's working hours and schedule for each customer and project;

  d. Defendant dictated what projects Plaintiff would work on and where he would work each day;

  e. Defendant provided Plaintiff with all of the tools and supplies needed to complete each project;

  f. Plaintiff was consistently supervised by Defendant's management;

  g. While Plaintiff worked over 40 hours during the week and was not paid overtime, Defendant did consider all weekend work to be overtime work and compensated Plaintiff time and one half the hourly rate of $25.00 (i.e. $37.50 per hour for hours worked on Saturdays and Sundays).

17. Plaintiff was treated by Defendant as an independent contractor being paid a flat rate of $1250 during the week, despite how many hours he actually worked. Plaintiff, however, was an employee who did not qualify for any exemption from overtime and should have been paid overtime compensation for all hours that he worked over 40 hours in one week.

### - Overtime Violations-

18. While employed with Defendant, Plaintiff was at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime compensation for all hours worked over 40 hours per week at a rate of time and one half.

19. Throughout his tenure with Defendant, Plaintiff consistently worked between 50 and 70 hours during the week (Monday through Friday); however, Plaintiff was only ever paid a

flat rate of $1250.00 per week regardless of how many hours he worked between Monday and Friday.

20. Therefore, Plaintiff was <u>never</u> paid at a rate of time and one half for all hours that he worked over 40 in one week.

21. Defendant knew that Plaintiff was a non-exempt employee, as evidenced by its action of paying Plaintiff time and one half the rate of $25.00 per hour (i.e. $37.50 per hour) for work that he performed on Saturdays and Sundays (discussed *supra*).

22. All of Defendant's actions as aforesaid are without question willful, intentional and in blatant disregard for state and federal laws, as evidenced by:

  a. Defendant failing to pay Plaintiff overtime compensation for <u>all hours</u> that he worked in excess of 40 hours per week; and

  b. Defendant failing to adequately review Plaintiff's job description and classify him accordingly.

23. Defendant has and continues to implement a system that results in non-payment of overtime compensation to Plaintiff and other similarly situated employees.

### -**Retaliation**-

24. While employed with Defendant, Plaintiff repeatedly complained to Defendant's management about overtime violations and his entitlement to overtime compensation; however, Defendant refused to rectify its illegal pay practices and instead continued to perpetuate its non-payment of state and federally-mandated compensation.

25. Following Plaintiff's most recent complaints of Defendant's illegal pay practices, Defendant substantially cut Plaintiff's hours beginning in or about July of 2018 to 10-15 hours per week.

26. Because Plaintiff could not financially accept such a reduction of hours, Plaintiff was constructively terminated from his employment with Defendant on August 20, 2018.

27. Defendant's retaliatory reduction of hours and/or constructive termination of Plaintiff constitutes unlawful retaliation under the Fair Labor Standards Act ("FLSA").

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Wages & Retaliation)**

28. The foregoing paragraphs are incorporated herein as if set forth in full.

29. At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the FLSA.

30. The FLSA requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

31. At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the FLSA.

32. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

33. Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

34. Plaintiff expressly complained to Defendant's management about non-payment of overtime compensation (primarily toward the end of his tenure with Defendant).

35. Defendant retaliated against Plaintiff by substantially reducing his hours to 10-15 hours per week and thus constructively terminating his employment.

36. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

37. Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 15 (2011) (it is illegal under the FLSA to retaliate against an employee for verbal <u>or</u> written concerns of unpaid overtime compensation).

## COUNT II
### <u>New Jersey Wage and Hour Law (NJ "WHL")</u>
**(Unpaid Overtime Wages)**

38. The foregoing paragraphs are incorporated herein as if set forth in full.

39. At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the NJ WHL.

40. At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the NJ WHL.

41. The NJ WHL requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

42. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the NJ WHL.

43. Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

44. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the NJ WHL and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

## COUNT III
### Violations of the New Jersey Conscientious Employee Protection Act ("CEPA")
### (Wrongful Termination & Retaliation)

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff had his hours reduced and was constructively discharged for several instances of engaging in protected activity by making complaints and/or for objecting to Defendant's unlawful pay practices in the workplace (discussed *supra*).

47. These actions as aforesaid constitute violations of CEPA.

## COUNT IV
### Fraud
### (State Law/Common Law)

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Defendant willfully and fraudulently misclassified and represented to Plaintiff that he was independent contractor who was not entitled to non-exempt wages under the NJ WPL, when in fact Plaintiff was a non-exempt employee entitled to such wages under the NJ WPL.

50. Defendant willfully and fraudulently misclassified Plaintiff's earnings as non-employee income for the purpose of avoiding taxes.

51. Plaintiff relied to his detriment on Defendant's representation that Plaintiff was an independent contractor who was not entitled to wages under the NJ WPL.

52. As a result of his reliance on Defendant's fraudulent representation that Plaintiff was an independent contractor who was not entitled to wages under the NJ WPL, Plaintiff suffered harm in the form of the following damages:

   a. Defendant did not withhold any taxes on Plaintiff's behalf;

   b. Because Defendant incorrectly classified Plaintiff as an independent contractor, Plaintiff was subjected to greater tax liability, paying both his and Defendant's share of FICA, FUTA, and other taxes; and

   c. As a direct result of Defendant's having misclassified Plaintiff as a 1099 independent contractor, Defendant made no social security contributions on Plaintiff's behalf. Consequently, Plaintiff's retirement eligibility is less than it would be had Defendant not fraudulently misclassified him as a 1099 independent contractor instead of a non-exempt employee.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

   A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendant until the date of verdict;

   B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (and to compensate Plaintiff for lost use of income);

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 13, 2018

# EXIBIT A

**NEO-Group**
North Eastern Operations Group LLC

PO Box 2834, Plainville MA 02762
Phone: 508-643-0104 Fax: 508-643-0133

To whom it may concern,

This letter is to certify that Edward Patterson is currently a North Eastern Operations Group LLC 1099 Employee. He is paid 1250.00 a Week.

If any other information is needed feel free to call or Email me at the number below.

Jose De Santiago

484-744-2164

jose@neogroupllc.com